IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 4, 2022 Session

## STATE OF TENNESSEE EX REL. HERBERT H. SLATERY, III, ATTORNEY GENERAL AND REPORTER v. LLPS, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No.     21C35          Hamilton V. Gayden, Jr., Judge**

———————————————————

### No. M2022-00214-COA-R3-CV

———————————————————

This is an appeal from a summary judgment dismissal entered in favor of all defendants in a civil enforcement action involving violations of the Tennessee Consumer Protection Act and the Government Imposters and Deceptive Advertising Act.  We vacate the dismissal and remand for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and ANDY D. BENNETT, J., joined.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, David McDowell, Deputy Attorney General, Olha N. M. Rybakoff, Senior Assistant Attorney General, and Tyler Corcoran, Assistant Attorney General, for the appellant, the State of Tennessee.

M. Reid Estes, Jr., Joshua L. Burgener, and Autumn L. Gentry, Nashville, Tennessee, for the appellees, ANS, Inc. d/b/a Workplace Compliance Services, Steven Fata, and Theresa Fata.

Tara L. Swafford, Thomas Anthony Swafford, and Elizabeth G. Hart, Franklin, Tennessee, and Mark McGowan, West Bloomfield, Michigan, for the appellees, LLPS, Inc.; Corporate Records Service; Council for Corporations, LLC; Joseph Edward Fata; Justin Fata; Thomas Anthony Fata; Tennessee Labor Law Poster Service; The Mandatory Poster Agency; and The Tennessee Mandatory Poster Agency.

# OPINION

## I. BACKGROUND

The State of Tennessee, through the Tennessee Attorney General, filed this action against the following two groups of defendants: (1) LLPS, Inc., d/b/a Labor Law Poster Service; The Tennessee Mandatory Poster Agency; The Mandatory Poster Agency; Tennessee Corporate Records Service; Tennessee Council for Corporations LLC; and Steven, Joseph, Thomas, and Justin Fata (collectively "LLPS"); and (2) ANS, Inc., d/b/a Workplace Compliance Services; and Steven and Teresa Fata (collectively "ANS"). LLPS and ANS (collectively "Defendants") are Michigan corporations who mass distribute business-solicitation mailers to Tennessee corporations. Defendants, through the mailers, request payment from businesses in exchange for the preparation of documents and the completion of standard annual report forms.

Defendants purchased its mailing list of Tennessee corporations directly from the Tennessee Secretary of State's office. While the solicitation mailers contain disclaimers advising businesses that the forms are not government documents, the mailers appear official in nature, contain identifying information, request a response by a date certain, and contain citations to pertinent Tennessee Code provisions. Specifically, LLPS offered consumers a corporate minute meeting book and ANS offered to file annual reports.

On January 7, 2021, the State, through the Attorney General, filed a complaint to commence this action in which it alleged that through their use of the mailers in Tennessee, Defendants were engaged in unfair or deceptive acts or practices in violation of the Tennessee Consumer Protection Act ("TCPA") and the Government Imposters and Deceptive Advertising Act ("GIA"). The State alleged that Defendants engaged in deceptive practices, in violation of both the TCPA and the GIA, because Defendants' business-solicitation mailers confused or misled consumers into thinking that Defendants were affiliated with a government entity and/or that consumers needed to make payment to Defendants and fill out their forms in order to comply with Tennessee law. The State also moved for a temporary injunction regarding the sending of the mailers to Tennessee consumers. The trial court denied the motion.

On April 14, 2021, ANS filed a motion for partial summary judgment regarding the alleged violation of the GIA, codified at Tennessee Code Annotated section 47-18-131(c)(4)(B), which requires that documents that are available for free of charge elsewhere must contain the following disclosure:

> The documents offered by this advertisement are available to Tennessee consumers free of charge or for a lesser price from (insert name, telephone number, and mailing address of the applicable governmental entity). You are NOT required to purchase anything from this company and the company

- 2 -

is NOT affiliated, endorsed, or approved by any governmental entity. The item offered in this advertisement has NOT been approved or endorsed by any governmental agency, and this offer is NOT being made by an agency of the government.

By order entered November 23, 2021, the trial court found that the 2018 mailers did not violate Section 47-18-131(c)(4)(B) of the GIA because they: did not offer "documents" for sale; did not represent, imply, or otherwise create a likelihood of confusion that the person using or employing the mailer was associated with a government entity as required by subsection (c)(1); and overall, were neither unfair, nor deceptive pursuant to the statute. The court dismissed the GIA claims against ANS in their entirety.

The State moved for reconsideration of the partial summary judgment ruling, arguing in part that there were material factual disputes, that deception is a question of fact for the jury, and that the ANS mailers were indeed deceptive. Meanwhile, LLPS moved for summary judgment on all claims against them, and ANS moved for summary judgment on all remaining claims against them. All Defendants primarily argued that no material factual disputes existed with regard to whether their mailers were unfair or deceptive.

The State opposed the motions, asserting that there was substantial evidence in the record of consumer deception that raised material factual disputes concerning the mailers. The State provided a plethora of consumer affidavits and declarations, a deposition, and numerous consumer complaints regarding Defendants' mailers in support of its opposition. The State also presented evidence to establish that the Better Business Bureau denied the Defendants accreditation due to the high number of consumer complaints.

Following a hearing and by order entered January 21, 2022, the trial court granted summary judgment and dismissed all claims against all Defendants. In so holding, the court relied upon testimony presented by ANS from an attorney who regularly charged more than ANS for similar services. Citing *Tucker v. Sierra Builders*, 180 S.W.3d 109 (Tenn. Ct. App. 2005) and *F.T.C. v. EMA Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014), the court found that Defendants' mailers were neither deceptive nor unfair based upon the undisputed material facts. More specifically, the trial court found that the mailers:

1)      could not have caused or tended to cause a reasonably prudent Tennessee consumer to believe something false, or could not have misled or tended to mislead a reasonably prudent Tennessee consumer as to a matter of fact because the mailers did not contain any false statements;

2)      contained prominent and unambiguous qualifications and disclaimers that accurately advise and confirm that the mailers are neither from, nor associated with, a governmental entity; and,

- 3 -

3)      could not have caused "substantial injury" to consumers that was not reasonably avoidable by the consumers themselves as set forth in *Tucker*.

This timely appeal followed in which the State urges that the question whether Defendants' solicitation mailers are deceptive is a factual question that should not have been resolved on summary judgment.

## II. ISSUE

We consolidate and restate the issue on appeal as follows: Whether the trial court erred in granting summary judgment on the deceptive practices claims, which generally present questions of fact for jury review.

## III. STANDARD OF REVIEW

Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the moving party does not bear the burden of proof, the party may satisfy its burden in one of two ways: "(1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). The nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. "[A]fter adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial." *Rye*, 477 S.W.3d at 265 (citing Tenn. R. Civ. P. 56.04, 56.06).

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye*, 477 S.W.3d at 250. Therefore, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Shaw v. Metro. Gov't*

*of Nashville & Davidson Cnty.*, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## IV.  DISCUSSION

### *The TCPA Claims*

The TCPA was enacted "to protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce."  Tenn. Code Ann. § 47-18-102(2).  The State appeals to this court from the dismissal of its claims alleged under Tennessee Code Annotated sections 47-18-104(b)(1), (2), (3), (12), and (27) of the TCPA, which provide as follows:

> (b) The following unfair or *deceptive acts or practices* affecting the conduct of any trade or commerce are [] unlawful and in violation of this part:
>
> (1)      Falsely passing off goods or services as those of another;
>
> (2)      Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services.  This subdivision (b)(2) does not prohibit the private labeling of goods and services;
>
> (3)      Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another.  This subdivision (b)(3) does not prohibit the private labeling of goods or services;
>
> * * *
>
> (12)    Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law;
>
> * * *
>
> (27)    Engaging in any other act or practice which is deceptive to the consumer or to any other person[.]

(Emphasis added.).  As noted by the trial court, "[t]he General Assembly has instructed us to look to the federal understanding of these terms" in determining whether an action or practice is "deceptive" under the TCPA.  *Tucker*, 180 S.W.3d at 116 (citing Tennessee

- 5 -

Code Annotated section 47-18-115[1]).  A panel of this court provided the following guidance in defining the term "deceptive":

> The concept of deceptiveness is a broader, more flexible standard of actionable merchant misconduct than the traditional remedy of common-law fraud.  A deceptive act or practice is one that causes or tends to cause a consumer to believe what is false or that misleads or tends to mislead a consumer as to a matter of fact.  Thus, for the purposes of the TCPA . . . , the essence of deception is misleading consumers by a merchant's statements, silence, or actions.

*Id.* at 116-17 (internal citations and quotations omitted).  The Sixth Circuit also advised that "[t]he important criterion in determining the meaning of an advertisement is the net impression that it is likely to make on the general populace." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 631 (6th Cir. 2014) (internal citation and quotation omitted).  While these issues present factual questions, summary judgment by the trial court may be granted when "the evidence is so one-sided that one party must prevail as a matter of law." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 811 (6th Cir. 1999) (internal citations and quotations omitted).

Here, the State presented evidence that the Defendants' mailers actually misled consumers, four of whom provided affidavits stating that they remitted payment of funds they believed fulfilled their statutory licensing requirements.  One such consumer even failed to remit payment to the State for several years because he believed his compliance with an LLPS form fulfilled his licensing requirements.  The State presented additional consumer declarations establishing that consumers were confused by the mailers and the contradictory way in which they were presented, e.g., the mailers advised that failure to comply could result in a fine but also contained disclaimers buried in the text.  With these considerations in mind, we cannot conclude that the evidence presented was so one-sided at this point in the proceedings as to require dismissal in favor of the Defendants.  We hold that the court erred in granting summary judgment when material questions of fact remained.  We express no opinion as to whether the mailers were actually deceptive.

*The GIA Claims*

The State appeals to this court from the dismissal of its claims alleged under Section 47-18-131(c)(1)(B) and (c)(2), and (3) of the GIA, which provide as follows:

---

[1] "It is the intent of the general assembly that this part shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act, codified in 15 U.S.C. § 45(a)(1)."

(c) The following unfair or deceptive acts or practices constitute a violation of this part:

(1) Using or employing in any manner an advertisement for purposes of selling goods or services that:

* * *

(B) Represents, implies, or otherwise causes a likelihood of confusion that the person using or employing the advertisement is a part of or associated with a unit of any governmental entity, when such is not true;

(2) Representing, implying, or otherwise causing a likelihood of confusion that goods or services, an advertisement, or an offer was sent or distributed by or has been approved, authorized, or endorsed, in whole or in part, by a governmental entity, when such is not true;

(3) Using or employing language, symbols, logos, representations, statements, titles, names, seals, emblems, insignia, trade or brand names, business or control tracking numbers, web site or email addresses, or any other term, symbol, or content that represents or implies or otherwise causes a likelihood of confusion that goods or services, an advertisement, or an offer is from a governmental entity, when such is not true[.]

Here, the Defendants' mailers used Nashville addresses, contained citations to pertinent Tennessee Code sections, requested a response by a date certain, and generally appeared official in nature as claimed by the consumer affidavits and declarations. With these considerations in mind, we cannot conclude that the evidence presented was so one-sided at this point in the proceedings as to require dismissal in favor of the Defendants. We hold that the court erred in granting summary judgment when material questions of fact remained. We express no opinion as to whether the mailers were in violation of the GIA.

## V. CONCLUSION

For the reasons stated above, we vacate the decision of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed equally to the appellees.

_____
JOHN W. MCCLARTY, JUDGE